HOBE, Appellant, vs. RUDD and others, Respondents.

*January 17—February 13, 1917.*

*Tax titles: Limitation on former owner: When notice to be given by tax-deed grantee: Statute construed: Sufficiency of description in tax deed: "Undivided one-half:" Tenants in common: When one may acquire cotenant's title.*

1. That part of sec. 1189, Stats., as amended by ch. 440, Laws 1913, beginning "The tax deed grantee or his assigns may, at any time after the tax deed is issued and recorded, serve a notice on the owner," etc., does not relate to all tax deeds, but applies only to cases where, as stated in the preceding clause, "a single tax deed only has been issued and the original owner has, before the issuance of such tax deed, paid all taxes levied against the land for the three years ensuing after the year for which the land was returned delinquent and sold."

2. Where a tax deed purported to convey an "undivided one-half" of certain land, reference might be had to the proceedings upon which the tax sale was based in order to ascertain which particular undivided half was sold; and where it appeared therefrom that the grantee in the tax deed as owner of one undivided half of the land had paid the taxes thereon, it necessarily followed that the other undivided half was what was sold and the description in the tax deed was sufficiently certain under sec. 1047, Stats.

3. One tenant in common of unoccupied lands may acquire the title of his cotenant by tax deed, where they derived their interests under separate instruments and there was no relationship between them other than that of mere tenancy in common.

APPEAL from a judgment of the circuit court for Jackson county: JAMES O'NEILL, Circuit Judge. *Reversed.*

Action to quiet title. The plaintiff brought this action to quiet title to certain lands in Jackson county, and alleged that he was the owner thereof in fee simple; that the lands were vacant and unoccupied; that the defendants claimed an interest or estate in said premises or lien thereon adverse to the plaintiff; and that they in truth and in fact had no such interest or estate. He asked that his title be quieted. The defendants answered admitting that the lands were vacant and unoccupied, and denied the ownership of the plaintiff. The defendant *First Trust Company* alleged that it was the owner of a certain mortgage upon an undivided one-half interest; that plaintiff's claim to title to said interest is based upon a tax certificate for taxes assessed against said premises; that plaintiff acquired said tax certificate while he and the defendant *Wisconsin Farm Land Company* were owners of said lands as tenants in common; and generally denied the allegations of plaintiff's complaint. There was judgment for the defendants, and plaintiff appeals.

*E. S. Jedney* of Black River Falls, for the appellant.

For the respondents there was a brief by *Miller, Mack & Fairchild,* and oral argument by *Bert. Vandervelde,* all of Milwaukee.

ROSENBERRY, J. But two questions are presented by this record: (1) The construction to be placed upon sec. 1189, Stats. (2) Was the tax deed which was the basis of plaintiff's claim void upon its face for uncertainty of description?

"Section 1189. The limitation for bringing actions as provided in section 1188 shall not apply to any person who shall be a minor at the time the right of such action shall accrue, but such minor may bring such action or actions after the time limited at any time during his minority and within one year thereafter; nor shall such limitation nor any other limitation in favor of a tax deed or a tax certificate, except in case of actual possession founded on a tax deed, apply where

the taxes, for the nonpayment of which the land was sold and the tax deed executed, were paid prior to the sale, or where the land was redeemed from the operation of such sale as provided by law or where the land was not liable to taxation; nor shall such limitation apply where a single tax deed only has been issued and the original owner has, before the issuance of such tax deed, paid all taxes levied against the land for the three years ensuing after the year for which the land was returned delinquent and sold, except as herein provided. The tax deed grantee or his assigns may, at any time after the tax deed is issued and recorded, serve a notice on the owner of record of the original title, stating that he holds a tax deed on the land of such original owner and giving a description of the land so deeded and a reference to the volume and page where such deed is recorded, which notice shall be served in the same manner as a summons in a court of record and proof of which service shall be filed in the office of the county clerk of the county in which the lands are situated. If such notice be served and filed thirty days or more before the expiration of three years from the date of recording the tax deed, the limitation provided by section 1188 shall apply. If such notice is not so served and filed, the limitation provided by said section 1188 shall be extended until the expiration of thirty days from and after the day such notice is served and filed. In any action brought by the original owner to set aside such tax deed after the service and filing of the notice aforesaid, the original owner, in case he prevails, shall as a condition of relief pay to the tax deed claimant the sum of five dollars for each description and the costs of serving the aforesaid notice, in addition to all other costs and charges now provided by law. The provisions of law regulating costs and charges for the service of a summons in a court of record shall apply to and govern the amount that may be charged for the service of such notice."

Does that part of sec. 1189 beginning "The tax deed grantee or his assigns may, at any time after the tax deed is issued and recorded, serve a notice on the owner," etc., relate to all tax deeds, or does it apply only to cases where a single tax deed has been issued and the original owner has before the issuance of such tax deed paid all taxes levied

against the land for the three years ensuing after the year for which the lands were returned delinquent and sold? If the latter part of the section does not apply in the instant case, the limitation provided by sec. 1188 applies here, and the deed is valid so far as the regularity of the tax proceedings is concerned.

It is a matter of common knowledge that, in many instances where there is a single outstanding tax claim, the original owner, having paid the taxes prior thereto and those subsequently, is totally ignorant of any outstanding tax lien. The situation is well illustrated in the case of *Washburn L. Co. v. White River L. Co., ante,* p. 112, 161 N. W. 547. In that case the original owners had paid the taxes for many years both before and after the year for which the taxes were returned delinquent and the land was sold. The tax receipt had been misplaced. So we have no doubt that the mischief intended to be remedied by the amendment adopted by ch. 440, Laws 1913, was that original owners should not lose title to their property through inadvertence, and that the legislature intended to require in that particular case that the limitation provided for by sec. 1188 should not apply unless the notice required by the amendment should be served. As the statute stood prior to the amendment it closed with the words "or where the land was not liable to taxation." If it was intended that the language beginning "The tax deed grantee," etc., should apply to all tax deeds, there was certainly no necessity for specifying that the limitation should not apply where a single tax deed only was issued, and the amendment might very properly have been made to sec. 1188.

The respondents discuss at considerable length the effect of certain irregularities in the tax proceedings. The defendants not having paid the taxes for the three years ensuing after the sale of the lands for taxes, the limitation provided for in sec. 1188 applies, and the conclusiveness and legality of the prior tax proceedings cannot now be brought in question.

Is the tax deed void upon its face? The description contained in the tax deed was as follows:

"The following described piece or parcel of land, lying and being situated in the county of Jackson, state of Wisconsin, to wit: Undivided one-half of the southwest quarter and undivided one-half of the southwest quarter of the southeast quarter of section 11, township 21 north, range 1 west."

It appears that prior to the issuance of the tax deed an undivided one-half interest in the land was owned by the plaintiff, the other undivided one-half interest being owned by the defendant *Wisconsin Farm Land Company*. Plaintiff paid the taxes upon his undivided one-half interest thereof, and the defendant *Wisconsin Farm Land Company* failed to pay its tax. The lands were subsequently sold for taxes, a certificate purchased by the plaintiff, the tax deed in question issued thereon, and it is said the deed is void upon its face for uncertainty in the description, in that the deed does not designate which particular undivided one-half interest was sold. Appellant argues, and we think correctly, that the description is sufficiently certain by reason of sec. 1047, Stats., which is as follows:

"In all assessments and tax rolls, and in all advertisements, certificates, papers, conveyances or proceedings for the assessment and collection of taxes, and proceedings founded thereon, as well heretofore as hereafter, any descriptions of land which shall indicate the land intended with ordinary and reasonable certainty and which would be sufficient between grantor and grantee in an ordinary conveyance shall be sufficient; nor shall any description of land according to the United States survey be deemed insufficient by reason of the omission of the word quarter or the figures or signs representing it in connection with the words or initial letters indicating any legal subdivision of lands according to government survey. Where a more complete description may not be practicable and the deed describing any piece of real property is recorded in the office of the register of deeds for the county, a description stating the volume and page where re-

corded, and the section, village, or, if within a city, the ward, where the property is situated, shall be sufficient."

We think it permissible to refer to the prior tax proceedings upon which the sale of the land is based for the purpose of ascertaining which particular undivided one-half was sold. From such examination it appears that the tax was paid upon the undivided one-half owned by the plaintiff, therefore the undivided one-half owned by the *Wisconsin Farm Land Company* must necessarily have been the one sold.

The case of *Hoyt v. Lightbody,* 98 Minn. 189, 108 N. W. 843, is cited to our attention. It does not appear that in Minnesota there is a statute corresponding to sec. 1047. Whether or not there is such a statute, we are not inclined to adopt a construction of the tax laws contrary to the almost universal interpretation thereof by the profession for many years and one which might unsettle the title to many hundreds of thousands of acres of land in northern Wisconsin.

Respondents also claim that a tenant in common cannot acquire the interest of his cotenant by taking a tax deed thereon, notwithstanding title is derived through different instruments and the land is vacant. It clearly appears in this case that the tenants in common derived their interests under separate instruments; that the lands are unoccupied; and that there is no relationship between the owners other than that of mere tenancy in common. Under such circumstances one tenant in common may acquire the title of his cotenant by tax deed. *Allen v. Allen,* 114 Wis. 615, 91 N. W. 218.

*By the Court.*—Judgment reversed, with directions to enter judgment for plaintiff quieting his title to the lands in question.